UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 10-203

MARTY MOSES,

                                                                  PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on April 24, 2007, alleging disability beginning on July 31, 2002, due to "[b]ack and left hand injury, heat problems, acid reflux disease and arthritis." (Tr. 133). This

application was denied initially and on reconsideration (Tr. 92-94 and 99-101).

On September 4, 2008, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 22, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 42-57).

Plaintiff was 49 years old at the time of the hearing decision. He has a high school education. His past relevant work experience consists of work as a heavy equipment operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through his last date insured (December 31, 2007) (Tr. 50).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease (status post L3,4 laminectomy) and coronary artery disease (status post stent placement), which he found to be "severe" within the meaning of the Regulations (Tr. 50-52).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 52).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 55) but determined that he has the residual functional capacity ("RFC") to perform a range of light work, with certain exceptions as set forth in the hearing

decision (Tr. 52).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 56).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 4, 2010 (Tr. 2-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh the opinions of Plaintiff's treating physicians, Dr. Marc Acob and Dr. Raju Vora, (2) the ALJ did not consider the combined effects of his impairments and (3) the ALJ failed to consider the durational requirement of substantial gainful activity.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh the opinions of Plaintiff's treating physicians, Dr. Marc Acob and Dr. Raju Vora.

In order to be given controlling weight, the opinions of a treating source on

5

issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Acob completed a residual functional capacity evaluation on June 5, 2007 (Tr. 420) and again on August 5, 2008 (Tr. 780). In the June 2005 evaluation, Dr. Acob limits Plaintiff to lifting/carrying 10 pounds frequently and 20 pounds occasionally (Tr. 420). He also opines that Plaintiff is incapable of performing tasks involving repetitive fine manipulation with his left hand (Tr. 420).

The ALJ gave great weight to Dr. Acob's findings as to lifting / carrying, incorporating it into the RFC. With regard to repetitive fine manipulation, however, the ALJ found that this restriction was not consistent with the other medical opinions of record. For example, neither Dr. Vora, a treating source, or Dr. Kathleen Monderewicz, a consultative examiner, found such restrictions in this regard. Dr. Vora opined in his August 2007 medical source statement that

6

Plaintiff was capable of fine manipulation with his left hand (Tr. 553). Similarly, as discussed by the ALJ, Dr. Monderewicz's July 2007 medical source statement stated that Plaintiff was able to make a fist, fully extend, and pick up coins with both hands (Tr. 53, 490). Further, as noted by the ALJ, Dr. Monderewicz found Plaintiff had no atrophy, Heberden nodes or Bouchard nodes in his left hand (Tr. 53, 490). Additionally, August 2007 x-rays of Plaintiff's left hand showed no acute fractures and changes consistent with having previously placed hardware (Tr. 794).

As for Dr. Acob's August 2008 evaluation, the ALJ properly disregarded it as the opinions therein were rendered after the expiration of Plaintiff's insured status, with no indication of relating back to the relevant period of time.

Dr. Vora completed a physical capacities evaluation on August 2, 2007 in which he opined Plaintiff could sit two hours, stand one hour, walk one hour, lift and carry up to ten pounds frequently, and lift and carry from eleven to twenty pounds occasionally (Tr. 553). Dr. Vora further stated Plaintiff could occasionally bend, squat, crawl, and reach, and he could never climb or use either foot for foot controls (Tr. 553).

The ALJ accepted his opinion as to Plaintiff's ability to lift and perform postural activities, but did not accept his opinion regarding his non-exertional

7

limitations. There is no error in this regard. There is no other evidence in the record which suggests that Plaintiff is incapable of using foot controls or climbing. Nor is there any evidence that Plaintiff was unsteady or required an assistive device. In fact, Dr. Monderewicz found the contrary - that Plaintiff's gait was steady, with no lurching or other complications (Tr. 492).

Given the lack of supporting evidence in the record, the Court finds that the ALJ did not improperly weigh the opinions of these treating sources.

Plaintiff's second claim of error is that the ALJ did not consider the combined effects of his impairments.

A review of the hearing decision reveals that the ALJ did consider Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 52). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ

specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Finally, Plaintiff contends that the ALJ failed to consider the durational requirement of substantial gainful activity. In support of his argument, Plaintiff relies upon *Gatliff v. Commissioner of Social Security*, 172 F.3d 690 (9th Cir. 1990). *Gatliff* states that substantial gainful activity means more than merely the ability to find a job and physically perform same but also requires the ability to hold the job for a significant period of time. *Id.* at 694.

The Court finds that *Gatliff* is not persuasive. First, the record in Gatliff contained considerable evidence that the claimant would not be able to maintain employment for more than a few months due to his mental impairments. *Id. at 962-963.*

Moreover, the Sixth Circuit has repeatedly rejected any suggestions of a separate durational requirement in the analysis of substantial gainful activity. *See Durham v. Astrue*, No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D.Ky. Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 WL 2473627, at *3 (E.D.Ky.

9

Aug. 10, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 WL 2397566, at *6 (E.D.Ky. June 10, 2008). Instead, courts in the Sixth Circuit assume that implicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment. See *Durham*, 2010 WL 672136, at *6; *Garland*, 2008 WL 2397566, at *6.

In this case, implicit in the RFC is a finding that Plaintiff is capable of maintaining employment. The VE also testified that jobs exist in significant number in the national economy that Plaintiff can perform. These findings are supported by the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge